BONNIE J. LAREAU *v.* WAYNE M. BURROWS
(AC 25342)

Flynn, McLachlan and West, Js.

Argued June 1—officially released August 16, 2005

*Bonnie J. Lareau*, pro se, the appellant (plaintiff).

*John Kardaras*, for the appellee (defendant).

FLYNN, J. The pro se plaintiff, Bonnie J. Lareau, appeals from the judgment of the trial court accepting the fact finder's recommendation. The plaintiff alleged in her complaint that she loaned the defendant, Wayne M. Burrows, moneys for several items, including $5000 so that he could purchase a Friehoffer delivery route. In her prayer for relief, the plaintiff sought more than $15,000 in damages. On December 15, 2003, and January 12, 2004, the case was heard by Harold M. Levy, attorney trial referee, who, after finding the defendant more credible, recommended judgment in his favor. On March 18, 2004, the court rendered judgment in the defendant's favor in accordance with the findings of fact. The plaintiff makes various claims on appeal, none of which is supported by legal analysis or citation to legal authority.

Although we are solicitous of the fact that the plaintiff is a pro se litigant, "the statutes and rules of practice cannot be ignored completely." (Internal quotation marks omitted.) *Bennings* v. *Dept. of Correction*, 59 Conn. App. 83, 84, 756 A.2d 289 (2000). "We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *In re Haley B.*, 81 Conn. App. 62, 67–68, 838 A.2d 1006 (2004). "Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned." (Internal quotation marks omitted.) *Cummings* v. *Twin Tool Mfg. Co.*, 40 Conn. App. 36, 45, 668 A.2d 1346 (1996). Because the plaintiff's claims are inadequately briefed, we cannot review them.

The judgment is affirmed.

In this opinion the other judges concurred.