KEVIN RILEY *v.* MELVIN PIERSON ET AL.
(AC 31776)

Lavine, Alvord and Borden, Js.

Argued December 1, 2010—officially released February 8, 2011

*Keith Yagaloff*, for the appellant (plaintiff).

*Frank A. Leone*, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Kevin Riley, appeals from the summary judgment rendered by the trial court in favor of the defendants, Melvin Pierson and Virginia Pierson, in an action arising out of his repayment of a promissory note. The court denied the plaintiff's motion for summary judgment with respect to the plaintiff's claims of breach of contract, unjust enrichment and quantum meruit, and rendered summary judgment in the defendants' favor on their special defense of accord and satisfaction. On appeal, the plaintiff claims that in rendering summary judgment in favor of the defendants, the court improperly (1) engaged in fact-finding, (2) concluded that the defendants had established an

accord and satisfaction as a matter of law, and (3) concluded that there was no material issue of fact pertaining to his claim of duress. We affirm the judgment of the trial court.

The court's memorandum of decision and the record reveal the following relevant facts. The defendants were the holders of a promissory note, dated October 31, 1994, executed by the plaintiff and Denise Riley[1] in the amount of $326,000. The note was payable to the defendants over twenty years at the rate of 7 percent interest per annum, and it was secured by an open-end mortgage on real property owned by the plaintiff and located at 2665 Boston Turnpike in Coventry. The note was scheduled to mature on November 1, 2014, and prepayment was prohibited except in case of death, a medical emergency or financial hardship.

On May 24, 2007, David A. Ruth, an attorney authorized to act on behalf of the plaintiff, sent by facsimile transmission a letter to the defendants' attorney, Leonard M. Horvath, notifying him of the plaintiff's election to prepay the note in full. In the letter, Ruth stated that he anticipated a dispute over a prepayment penalty and indicated that the plaintiff intended to pay the penalty under protest. Ruth sent another facsimile to Horvath on May 29, 2007, reiterating the plaintiff's request to prepay the note and this time expressing that the plaintiff was experiencing severe financial hardship.

On May 30, 2007, following a third facsimile transmission sent by Ruth that highlighted the plaintiff's financial circumstances and indicated his willingness to repay the balance of the note along with a "small penalty," Horvath sent a letter to Ruth via facsimile that provided an acceptable prepayment proposal. In that proposal, Horvath noted that the outstanding principal

---

[1] Denise Riley was the spouse of the plaintiff at the time the promissory note was executed. She is not a party to this appeal.

balance on the note was $176,581.25. He then calculated that the additional sum for investment loss and taxes was $40,863.92, for a total payoff balance of $217,445.17. The letter also stressed that prepayment would not be accepted under protest and, noting the plaintiff's prior representations concerning his net worth, indicated that he could not prepay the note in accordance with the financial hardship exception.

The following day, Ruth sent a facsimile transmission to Horvath that proposed a prepayment penalty of $20,000. In that facsimile, Ruth claimed that the note was unclear with respect to prepayment and that any ambiguities favored the plaintiff because the note was drafted by the defendants. Horvath countered via facsimile that the defendants would accept $215,000 "in satisfaction of the note and mortgage." Ruth, thereafter, forwarded to Horvath a check in the amount of $215,000 together with a letter requesting that the defendants refund any amount calculated as due to the plaintiff. Upon receipt of that letter, Horvath informed Ruth via facsimile that the final prepayment demand of $215,000 was intended to counter the plaintiff's offer to pay a $20,000 prepayment penalty, and that the defendants' offer "contained no statement or provision for recalculation." Horvath went on to state that he would hold the check until he received confirmation that the $215,000 was intended by the plaintiff as full and final repayment of the note without any offsets or refunds.

On June 5, 2007, Ruth sent a letter to Horvath indicating that although the plaintiff took issue with Horvath's calculations, he acknowledged that the defendants' $215,000 prepayment offer superseded all prior demands and conditions, and that he did not anticipate a refund. Thereafter, the defendants cashed the plaintiff's check and issued him a release of the mortgage secured by the note, which he accepted and had recorded in the land records.

The plaintiff then commenced this action against the defendants in a three count amended complaint alleging breach of contract, unjust enrichment and quantum meruit. In his amended complaint, the plaintiff claimed, inter alia, that the defendants breached the terms of the note and accompanying mortgage by requiring him to pay $215,000 in exchange for a release of the mortgage and by refusing to accept prepayment pursuant to the financial hardship exception. In response, the defendants denied all of the allegations in the plaintiff's amended complaint and raised the special defense of accord and satisfaction to all three alleged causes of action.[2] Agreeing that there were no material facts in dispute, the plaintiff and the defendants thereafter filed cross motions for summary judgment.

The court, by memorandum of decision, denied the motion for summary judgment filed by the plaintiff and granted the defendants' motion for summary judgment on their accord and satisfaction defense. The court first found that the evidence presented by the defendants,[3] when viewed in the light most favorable to the plaintiff, established that the parties had a good faith dispute over the plaintiff's right to prepay the note without a penalty. The court went on to find that the parties negotiated a contract of accord to settle the prepayment dispute, explaining that the defendants' evidence established that the plaintiff accepted their offer to pay

---

[2] "Accord and satisfaction is a method of discharging a claim whereby the parties agree to give and accept something other than that which is due in settlement of the claim and to perform the agreement. . . . Indeed, a validly executed accord and satisfaction precludes a party from pursuing any action involving the original, underlying claim." (Internal quotation marks omitted.) *Assn. Resources, Inc.* v. *Wall*, 298 Conn. 145, 187, 2 A.3d 873 (2010).

[3] In support of their motion, the defendants submitted an affidavit from Horvath, the promissory note and a set of requests for admissions that had been served on the plaintiff, to which he did not respond.

$215,000 in full satisfaction of the note without reserving any rights to later dispute such payment. Additionally, the court noted that the plaintiff had submitted no evidence that either rebutted the defendants' proof or supported his claim that the accord was negotiated under duress. The court concluded that the defendants had therefore established all of the elements of accord and satisfaction and were entitled to summary judgment on their special defense as a matter of law. The court then denied the plaintiff's motion for summary judgment, noting that he had failed to proffer any evidence in support of the claims advanced in his motion. Accordingly, the court rendered summary judgment in favor of the defendants as to each count alleged in the plaintiff's amended complaint. This appeal followed.

On appeal, the plaintiff claims that the court improperly granted the defendants' summary judgment motion. In support of this claim, he contends that the court improperly (1) engaged in fact-finding, a function not appropriate for summary disposition, (2) concluded that the evidence submitted by the defendants demonstrated an accord and satisfaction as a matter of law, and (3) concluded that there was no genuine issue of material fact pertaining to his claim that the accord was reached under duress. We disagree with the plaintiff's contentions and conclude that the court properly granted the defendants' motion for summary judgment.

"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent. . . . When documents submitted in support of a motion for summary judgment fail to establish

that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue. . . . Once the moving party has met its burden, however, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § [17-45]. . . . Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Citation omitted; internal quotation marks omitted.) *Bonington* v. *Westport*, 297 Conn. 297, 305, 999 A.2d 700 (2010).

Our examination of the record on appeal, and the briefs and arguments of the parties, persuades us that the judgment of the court should be affirmed. Because the court's memorandum of decision fully addresses the arguments raised in the present appeal, we adopt its thorough and well reasoned decision as a statement of the facts and the applicable law on these issues. See *Riley* v. *Pierson*, 51 Conn. Sup. 513, 13 A.3d 732 (2009). Further discussion by this court would serve no useful purpose. See, e.g., *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010); *Royal Indemnity Co.* v. *Terra Firma, Inc.*, 287 Conn. 183, 189, 947 A.2d 913 (2008); *Lachowicz* v. *Rugens*, 119 Conn. App. 866, 870, 989 A.2d 651, cert. denied, 297 Conn. 901, 994 A.2d 1287 (2010).

The judgment is affirmed.