SUNNY G. LIBERTI *v.* ROBERT D. LIBERTI
(AC 33006)

Lavine, Robinson and Bishop, Js.

Submitted on briefs November 18, 2011—officially released January 10, 2012

*Kristina Bordieri* and *James M. Smith* filed a brief for the appellant (plaintiff).

*Lori Welch-Rubin* and *Noah Eisenhandler* filed a brief for the appellee (defendant).

*Steven R. Dembo* and *P. Jo Anne Burgh* filed a brief for the guardian ad litem for the minor child.

*Opinion*

BISHOP, J. The plaintiff, Sunny G. Liberti, appeals from the trial court's pendente lite order awarding the defendant, Robert D. Liberti, sole custody of the parties' minor child and requiring the plaintiff to have supervised visitation with the child. On appeal, the plaintiff claims that the court (1) violated her right to procedural due process by holding an evidentiary hearing on the defendant's emergency motion for immediate sole custody and supervised visitation and by requiring her to proceed with an attorney who requested to withdraw from representing her and (2) abused its discretion by denying her motion to reargue the order granting the defendant's emergency motion for immediate sole custody and supervised visitation.[1] We disagree and, accordingly, affirm the judgment of the trial court.

---

[1] The plaintiff also claims that the defendant's emergency motion for immediate sole custody and supervised visitation failed to comply with Practice Book § 25-26 (e) because it did not allege the specific factual or legal basis for the requested custody modification. The plaintiff did not file

The following factual and procedural history is relevant to our consideration of the plaintiff's claims. On July 2, 2009, the plaintiff filed an action to dissolve the parties' marriage, to which the defendant filed a counterclaim. The parties have one child, a son born on December 9, 2003. The parties first appeared in court on a pendente lite motion on December 3, 2009. At that time, they entered into an agreement by which they would share joint legal custody of the child. The parties also stipulated that the plaintiff would have physical custody of the child and the defendant would have visitation, which included overnight visits at his parents' home. The agreement did not require that visitation be supervised, although the defendant did agree to a provision that his mother "shall be present in the home for any overnight visitation." The parties later stipulated that "a qualified attorney" would be appointed as a guardian ad litem for the child.

On August 3, 2010, the defendant filed an ex parte motion for immediate sole custody of the minor child, which was scheduled for a hearing on August 6, 2010. Before the hearing date, however, the parties participated in a special master's session through which they succeeded in securing an agreement to modify their parenting plan to include, among other provisions, shared physical custody of the child and increased visitation time for the defendant. The agreement made no mention of the prior requirement that the defendant's mother be present for overnight visitation.

an objection to the motion and now speculates as to the effect of the defendant's allegedly faulty motion. Further, the plaintiff did not file a motion for articulation of the court's decision. Instead, to support her claim, the plaintiff, misconstruing relevant decisional law and constitutional provisions, alleges a constitutional right to due process in the context of custody under a jurisprudential scheme for property rights and argues that the court's ruling on an insufficiently pleaded motion violated her right to be heard at a meaningful time and in a meaningful manner. For the reasons articulated in part I of this opinion regarding unpreserved claims, we decline to review this claim.

During her deposition on November 3, 2010, the plaintiff made allegations of abuse against the defendant with respect to the child and disclosed documentation that allegedly demonstrated the abuse, which the defendant, defense counsel and the guardian ad litem had never seen prior to the deposition. The following day, the plaintiff's attorney filed a motion to withdraw his appearance, which was scheduled to be heard on November 8, 2010. On November 8, 2010, the defendant filed an emergency motion for immediate sole custody and supervised visitation. The court informed the parties that the defendant's motion would be heard that day. No objection to the immediacy of the hearing was made by either party or the guardian ad litem. In addition, the plaintiff did not express any concern about having her attorney represent her despite his pending motion to withdraw. During the ensuing hearing on the defendant's motion, the plaintiff testified. Additionally, the defendant and the guardian ad litem testified and were cross-examined by the plaintiff's counsel. A witness on behalf of the plaintiff also testified at the hearing. Both parties' counsel then presented closing arguments. Neither party requested a continuance to allow an opportunity to produce additional witnesses or documentary evidence, nor did they suggest that they were unable to present certain evidence due to the short notice.

At the conclusion of evidence, the court granted the defendant's emergency motion for immediate sole custody and supervised visitation. After a brief recess, the court reconvened and heard argument regarding the motion to withdraw filed by the plaintiff's counsel. The court specifically inquired of the plaintiff whether she wanted her attorney to withdraw, to which she responded affirmatively. Thereafter, the court granted the motion to withdraw.

On November 29, 2010, the plaintiff, as a self-represented party, filed a motion to reargue in which she raised, for the first time, her claim that the court violated her due process rights in proceeding with the hearing on the emergency motion. Although the court summarily denied the motion, the plaintiff did not file a motion for articulation of the factual or legal bases for the court's ruling. This appeal followed. Additional facts will be set forth as necessary.

I

The plaintiff first claims that the court violated her constitutional right to procedural due process by holding an evidentiary hearing on the defendant's emergency motion for immediate sole custody and supervised visitation and by requiring her to proceed with an attorney who requested to withdraw from representing her. We disagree.

Although the plaintiff failed to raise her constitutional claims before the trial court, we acknowledge that a party may prevail on unpreserved constitutional claims pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). It is well established, however, that parties must affirmatively seek *Golding* review, and the moving party bears the burden of establishing an entitlement to appellate review of unpreserved constitutional claims. *State* v. *Commins*, 276 Conn. 503, 515, 886 A.2d 824 (2005). In the present case, however, the plaintiff does not seek review under *Golding*. Her brief makes no mention of, or request for, *Golding* review regarding either of the alleged constitutional violations. Because the plaintiff failed to make any objection at trial and has not now provided this court with a basis to review her unpreserved claims, we decline to afford them appellate review. *Ghant* v. *Commissioner of Correction*, 255 Conn. 1, 17, 761 A.2d 740 (2000) ("[i]t is not appropriate to engage in a level of

review that is not requested" [internal quotation marks omitted]).

## II

The plaintiff also claims that the court abused its discretion when it denied her motion to reargue the court's order granting the defendant's emergency motion for immediate sole custody and supervised visitation. We disagree.

The standard of review for a court's denial of a motion to reargue is abuse of discretion. *Valentine* v. *LaBow*, 95 Conn. App. 436, 451, 897 A.2d 624, cert. denied, 280 Conn. 933, 909 A.2d 963 (2006). "When reviewing a decision for an abuse of discretion, every reasonable presumption should be given in favor of its correctness. . . . As with any discretionary action of the trial court . . . the ultimate [question for appellate review] is whether the trial court could have reasonably concluded as it did." (Citation omitted; internal quotation marks omitted.) Id., 451–52.

"[T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts. . . . It also may be used to address . . . claims of law that the [movant] claimed were not addressed by the court. . . . [A] motion to reargue [however] is not to be used as an opportunity to have a second bite of the apple . . . ." (Citations omitted; internal quotation marks omitted.) *Opoku* v. *Grant*, 63 Conn. App. 686, 692–93, 778 A.2d 981 (2001).

As a threshold matter, we note that the plaintiff has not provided this court with a basis to review meaningfully the denial of her motion to reargue the defendant's emergency motion for immediate sole custody and supervised visitation. See Practice Book § 61-10. We

do not have before us a written memorandum or articulation of the basis for the court's denial of the motion to reargue. We do note, however, that there is nothing in the bare record provided to us from which we can discern that the court abused its discretion in denying the plaintiff's motion to reargue.

The judgment is affirmed.

In this opinion the other judges concurred.