******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

LENNART MENGWALL *v.* GREZGORZ
RUTKOWSKI ET AL.
(AC 36108)

Keller, Mullins and Schaller, Js.

*Argued May 21—officially released August 26, 2014*

(Appeal from Superior Court, judicial district of
Stamford-Norwalk, Mintz, J. [motion for summary
judgment, strict foreclosure judgment]; Hon. Alfred J.
Jennings, Jr., judge trial referee [motion to dismiss,
motion to reargue].)

*Brian E. Lambeck*, for the appellant (defendant Cecy-
lia Rutkowska).

*Matthew B. Woods*, for the appellee (plaintiff).

*Opinion*

SCHALLER, J. The defendant Cecylia Rutkowska appeals from the trial court's judgment of strict foreclosure rendered in favor of the plaintiff, Lennart Mengwall.[1] On appeal, the defendant claims that the trial court erred by: (1) failing to complete an evidentiary hearing prior to denying her motion to dismiss, and (2) denying her motion to reargue.[2] We affirm the judgment of the trial court.

The following facts and procedural history are set forth in the trial court's memorandum of decision. On February 28, 2012, the plaintiff commenced this strict foreclosure action to foreclose on a second mortgage encumbering real property at 203 South Water Street in Greenwich. On August 31, 2012, a default judgment was entered against the defendant for failure to appear. On September 13, 2012, a default judgment was entered against Grezgorz Rutkowski for failure to plead. Thereafter, the plaintiff filed a motion for a judgment of strict foreclosure. On October 11, 2012, the defendant made an appearance before the court, thereby vacating the default judgment entered against her. On October 19, 2012, the defendant and Grezgorz Rutkowski filed a joint answer and special defenses to the complaint, which vacated the default judgment entered against Grezgorz Rutkowski. The plaintiff filed a motion to strike the special defenses, which the court granted on January 8, 2013. Thereafter, on March 18, 2013, the court granted the plaintiff's motion for summary judgment as to liability. On April 9, 2013, the plaintiff filed another motion for strict foreclosure, which was continued to May 13, 2013.

On May 9, 2013, the defendant filed a motion to dismiss for lack of subject matter jurisdiction, claiming that "the current plaintiff lack[ed] standing to foreclose the subject mortgage." A hearing on the motion to dismiss was held on July 11, 2013, at which the plaintiff testified and introduced as a full exhibit a copy of the original note. The defendant made a proffer of evidence that she and Grezgorz Rutkowski would testify that they did not sign the promissory note that is the subject of this strict foreclosure action. The court denied the motion to dismiss because, inter alia, the "plaintiff has proved that the claim [that he is neither the owner or holder of the note] is factually untrue, and the court has found the plaintiff to be the owner and the holder of the note." The plaintiff, therefore, had standing to bring this strict foreclosure action. On August 13, 2013, the defendant filed a motion to reargue the motion to dismiss, which the court denied on August 26, 2013. This appeal followed.

I

The defendant first claims that the court erred by failing to complete an evidentiary hearing prior to deny-

ing her motion to dismiss, thereby failing to provide her with a meaningful opportunity to address the jurisdictional issues raised, namely, the plaintiff's standing to bring this strict foreclosure action. We are not persuaded.

We begin our analysis by setting forth the applicable standard of review. "If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause. . . . A determination regarding a trial court's subject matter jurisdiction is a question of law [over which] . . . our review is plenary . . . .

"Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . ." (Internal quotation marks omitted.) *Burton* v. *Commissioner of Environmental Protection*, 291 Conn. 789, 801–802, 970 A.2d 640 (2009).

Our Supreme Court has held that "a holder of a note is presumed to be the owner of the debt, and unless the presumption is rebutted, may foreclose the mortgage under [General Statutes] § 49–17. . . . The production of the note establishes his case prima facie against the makers and he may rest there. . . . It [is] for the defendant to set up and prove the facts which limit or change the plaintiff's rights." (Internal quotation marks omitted.) *RMS Residential Properties, LLC* v. *Miller*, 303 Conn. 224, 231–32, 32 A.3d 307 (2011). Put differently, the holder of a note has standing to bring an action for strict foreclosure pursuant to § 49-17.

In *Equity One, Inc.* v. *Shivers*, 310 Conn. 119, 135, 74 A.3d 1225 (2013), our Supreme Court reiterated its holding in *RMS Residential Properties, LLC*, and rejected the argument of the defendant in that case that "he [was] entitled to an evidentiary hearing on the issue of the plaintiff's standing because a party seeking to foreclose a mortgage necessarily must do more to prove standing than simply present a note endorsed in blank." (Internal quotation marks omitted.) That court noted, however, that "when there is a genuine dispute as to jurisdictional facts and an evidentiary hearing is necessary to resolve that dispute, such a hearing ordinarily will be required." Id., 136 n.12.

Applying these legal principles to the facts of this case, we conclude, first, that the plaintiff has met his burden, pursuant to *RMS Residential Properties, LLC*, of establishing his standing to bring this strict foreclosure action. Second, we conclude that the defendant has failed to meet her burden, pursuant to *Equity One, Inc.*, of establishing that a full evidentiary hearing was necessary in this case.

In the present case, the court held a hearing on the plaintiff's motion to dismiss, at which the plaintiff introduced the original note, signed by the defendant and

initialed by Grezgorz Rutkowski, into evidence; the court admitted the note as a full exhibit. In prior proceedings, the plaintiff had produced only a copy of the original note, along with a lost note affidavit. The plaintiff explained that the original note had been thought to be lost, but that it was found approximately one month before the hearing on the defendant's motion to dismiss. The defendant, through her attorney, asserted that she and Grezgorz Rutkowski would testify that they had not signed the note produced by the plaintiff. The plaintiff argued that liability already had been established, that the defendant never had raised this issue as a defense or argued it previously, and that it was an eleventh hour delay tactic.

The court held that such testimony would not prove that the plaintiff lacked standing to bring this foreclosure action, that all issues regarding the defendant's liability had been decided in the summary judgment that was rendered as to liability, that such a claim had not been previously asserted, and that the defendant had not contested the authenticity of the note in an opposition to the motion for summary judgment as to liability. The court also found that the plaintiff had filed a request for admission and that the first requested admission was as follows: "On November 21, 2007 . . . Grezgorz Rutkowski and [the defendant], signed the commercial construction fixed rate mortgage note in favor of the plaintiff . . . a copy of which note is attached as Exhibit A." (Internal quotation marks omitted.) The court then found that neither the defendant nor Grezgorz Rutkowski responded to the request, and that, under our rules of practice, the failure to respond is deemed an admission. See Practice Book § 13-23 (a).

On appeal, the defendant claims that she is entitled to a full evidentiary hearing to contest the plaintiff's standing because there is a discrepancy between the original note, admitted into evidence by the court during the motion to dismiss proceeding, and a copy of the note admitted into evidence with a lost note affidavit during the summary judgment proceeding. She argues that the plaintiff has not explained adequately the discrepancy between the two notes. The discrepancy between the notes is that the copy of the note contains an additional, illegible, handwritten signature or initial in the right margin of the document; this marking is not found on the original note admitted into evidence during the motion to dismiss proceeding.

We are not persuaded that this single discrepancy is sufficient to establish a genuine factual dispute that would entitle the defendant to a full evidentiary hearing. The additional signature on the copy of the note admitted into evidence during the summary judgment proceeding does nothing to vitiate the authenticity of the original note admitted into evidence during the motion to dismiss proceeding. Additionally, as found by the

court, the defendant admitted that she had signed the note by failing to respond to the plaintiff's request for admissions. She also failed to oppose the motion for summary judgment as to liability, which was granted by the court on March 18, 2013. The defendant thus failed to establish that a genuine dispute as to jurisdictional facts exists. We reject her claim that she was entitled to a full evidentiary hearing to contest the plaintiff's standing to bring this strict foreclosure action.

II

The defendant next claims that the court abused its discretion by denying its motion to reargue the motion to dismiss. Specifically, the defendant argues that the court abused its discretion by "overlook[ing] . . . discrepancies between the documents, evidence and the trial court's conclusion of duplicate and counterpart originals," and overlooking the legal requirement of a full evidentiary hearing. We disagree.

"The standard of review for a court's denial of a motion to reargue is abuse of discretion. . . . When reviewing a decision for an abuse of discretion, every reasonable presumption should be given in favor of its correctness. . . . As with any discretionary action of the trial court . . . the ultimate [question for appellate review] is whether the trial court could have reasonably concluded as it did. . . .

"[T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts. . . . It also may be used to address . . . claims of law that the [movant] claimed were not addressed by the court. . . . [A] motion to reargue [however] is not to be used as an opportunity to have a second bite of the apple . . . ." (Citations omitted; internal quotation marks omitted.) *Liberti* v. *Liberti*, 132 Conn. App. 869, 874, 37 A.3d 166 (2012).

We conclude that the defendant has failed to demonstrate that the court abused its discretion by denying her motion to reargue. The defendant presented no controlling authority or set of facts overlooked or misconstrued by the court in denying the motion to reargue. Instead she offered only arguments available to her at the time of the original argument on the motion to dismiss. The defendant appears to be seeking a proverbial "second bite at the apple" in order relitigate her case. We reject the defendant's claim that the trial court abused its discretion in denying her motion to reargue.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.

[1] Grezgorz Rutkowski, Zofia Nowicka-Varga, Urszula Redzio, and Boguslaw Rutkowski were also named as defendants. Grezgorz Rutkowski was a signer of the subject note. Nowicka-Varga, Redzio, and Boguslaw

Rutkowski are subsequent encumbrancers of the property that is the subject of this strict foreclosure action. None of these defendants joined the motion to dismiss and none are parties to this appeal. We therefore refer in this opinion to Cecylia Rutkowska as the defendant.

[2] The defendant also raised in her preliminary statement of issues a claim that the court erred in denying her motion to dismiss, but failed to brief the issue. The issue therefore is abandoned. "We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned." (Citation omitted; internal quotation marks omitted.) *Lareau* v. *Burrows*, 90 Conn. App. 779, 780, 881 A.2d 411 (2005).

---