******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ANN MARIE BENEDETTO ET AL. *v.* DIETZE AND
ASSOCIATES, LLC, ET AL.
(AC 36778)

Gruendel, Lavine and Prescott, Js.

*Argued April 16—officially released September 15, 2015*

(Appeal from Superior Court, judicial district of
Waterbury, Hon. Barbara J. Sheedy, judge trial referee
[motion to reargue; objection to request to revise];
Shapiro, J. [summary judgment].)

*Eddi Z. Zyko*, for the appellants (plaintiffs).

*Thomas P. O'Connor*, with whom were *Wyatt R. Jansen*, and, on the brief, *Gerard N. Saggese III*, for the
appellees (named defendant et al.).

*Opinion*

PER CURIAM. In this case arising out of alleged employment discrimination, the plaintiffs, Ann Marie Benedetto and Joseph Benedetto,[1] appeal from the summary judgment rendered by the trial court in favor of the defendants Dietze and Associates, LLC (Dietze), and Herlof Sorensen.[2] The plaintiffs claim on appeal that the court (1) abused its discretion by granting the defendants' motion to reargue its ruling sustaining the plaintiffs' objection to the defendants' request to revise, and (2) improperly granted summary judgment in favor of the defendants. We affirm the judgment of the trial court.

The following undisputed facts and procedural history are relevant to this appeal. In an amended complaint filed against the defendants, the plaintiffs asserted claims of age discrimination pursuant to the Connecticut Fair Employment Practices Act, General Statutes § 46a-60 et seq., statutory forgery pursuant to General Statutes § 52-565, and common-law loss of consortium relating to Benedetto's termination from employment as an office manager at Dietze. The central allegation underlying each of these claims is that Benedetto's direct supervisor, Sorensen, fired her one day before her sixty-fifth birthday because of her age and to cover up an act of forgery that he had enlisted her assistance in committing.

The defendants filed a request to revise the plaintiffs' amended complaint under Practice Book § 10-35 et seq. The plaintiffs objected, arguing that the request violated the order of the pleadings set forth in Practice Book § 10-6 because it was filed after a previous motion to strike one of the plaintiffs' earlier complaints. Although the court, *Hon. Barbara J. Sheedy*, judge trial referee, initially sustained the plaintiffs' objection, the court later overruled it after the defendants moved to reargue the issue. The plaintiffs subsequently filed a revised amended complaint.

Following their request to revise, the defendants moved for summary judgment on all counts of the operative complaint. They argued that there was no genuine issue of material fact that the circumstances surrounding Benedetto's termination did not give rise to an inference of discrimination, and that Dietze had met its burden of articulating a nondiscriminatory rationale for terminating her employment. They further contended that Benedetto could not prevail on her forgery claim because the undisputed evidence demonstrated that she was a willing participant in the unlawful behavior alleged in her complaint. Finally, the defendants argued that because both of Benedetto's individual claims failed, so did Joseph Benedetto's derivative loss of consortium claim. In a comprehensive and well reasoned opinion, the court, *Shapiro, J.*, agreed with all

of the defendants' arguments, and rendered summary judgment in favor of the defendants on all counts alleged in the operative complaint. This appeal followed. Additional facts will be set forth as necessary.

I

The plaintiffs first claim that the court improperly granted the defendants' motion to reargue its ruling sustaining the plaintiffs' objection to the defendants' request to revise. Specifically, the plaintiffs contend that the defendants' motion to reargue improperly sought a "second bite at the apple" and was based on law that was available to the defendants at the time that they filed their request to revise. In response, the defendants contend that their motion to reargue permissibly sought to correct factual and legal errors underlying the court's initial ruling. We agree with the defendants.

The following facts are relevant to our resolution of this claim. The plaintiffs' first complaint raised thirteen claims against the defendants relating to Benedetto's termination of employment. The defendants moved to strike each of those claims on various grounds. Judge Shapiro granted in part the defendants' motion. Thereafter, the plaintiffs filed an amended complaint.

The defendants filed a request to revise seeking to delete portions of the plaintiffs' amended complaint. The plaintiffs objected on the ground that the defendants had filed their request out of order without the court's permission. Specifically, relying on Practice Book §§ 10-6[3] and 10-7,[4] they contended that the defendants had waived their right to file a request to revise when they previously moved to strike the plaintiffs' first complaint. Judge Sheedy initially agreed with the plaintiffs and sustained their objection.

Following the court's ruling, the defendants moved for reargument pursuant to Practice Book § 11-12. In their motion, they contended that the plaintiffs' assertion that the defendants had filed their request to revise out of order was factually and legally incorrect. In particular, they argued that by filing an amended complaint after the court had granted in part the defendants' motion to strike, the plaintiffs had essentially reset the order of the pleadings such that a request to revise could be filed properly. In support of their argument, the defendants cited two cases from our Supreme Court and this court. The trial court agreed with the defendants' argument, and overruled the plaintiffs' objection to the request to revise.

"[W]e review the adjudication of a motion to reargue for an abuse of discretion. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only [when] an abuse of discretion is manifest or [when] injustice appears to have been done." (Citation omitted;

internal quotation marks omitted.) *Weiss* v. *Smulders*, 313 Conn. 227, 261, 96 A.3d 1175 (2014).

"[T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts. . . . It also may be used to address . . . claims of law that the [movant] claimed were not addressed by the court. . . . [A] motion to reargue [however] is not to be used as an opportunity to have a second bite of the apple . . . ." (Internal quotation marks omitted.) *Liberti* v. *Liberti*, 132 Conn. App. 869, 874, 37 A.3d 166 (2012).

The plaintiffs' claim that the court improperly granted the defendants' motion for reargument merits little discussion. A motion to reargue is proper either when its purpose is to direct the court's attention to a case or legal principle that the court has overlooked or when the movant seeks to correct a misapprehension of facts. Id. In the present case, the defendants' motion fell squarely within the first of these two categories. It specifically directed the court's attention to two cases that were relevant to court's ruling sustaining the plaintiffs' objection to the request to revise and that the defendants could reasonably have believed were overlooked by the court.[5] Moreover, because the defendants' motion to reargue did not address the underlying merits of their request to revise, but only the plaintiffs' objection thereto, the defendants cannot reasonably be said to have sought a "second bite at the apple." We therefore conclude that the court did not abuse its discretion in granting the defendants' motion for reargument.

II

The plaintiffs next argue that the court improperly granted summary judgment in favor of the defendants. Specifically, they contend that it was improper for Judge Shapiro to grant summary judgment on Benedetto's age discrimination claims because the defendants failed to submit any evidence from her employment personnel file and instead relied on an affidavit from Michael Jedlicka, a member of Deitze. They further argue that the court could not properly grant summary judgment on Benedetto's statutory forgery claim because a disputed issue of material fact existed over whether she acted under duress in participating in the illegal conduct alleged in that claim. We conclude that the plaintiffs' claims are inadequately briefed and decline to review them.

"It is well settled that [w]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to con-

sider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited. . . . [A]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court." (Internal quotation marks omitted.) *Clelford* v. *Bristol*, 150 Conn. App. 229, 233, 90 A.3d 998 (2014).

With respect to their age discrimination claim, the plaintiffs assert that the court could not have granted the defendants' motion for summary judgment because "[n]othing . . . from [Benedetto's] personnel file was provided" and because Jedlicka's affidavit "as a matter of law fails to establish that there is no genuine issue of material fact." The plaintiffs make no attempt, however, to support either of these assertions with any discussion or analysis. Instead, they quote from General Statutes § 31-128a, which provides the statutory definition of "personnel file," and General Statutes § 31-128b (c), which obligates employers to provide employees with a copy of any documentation of any disciplinary action imposed upon them, without providing any explanation how either of these two statutes support their assertions. Because the plaintiffs have made no attempt to explain precisely why the defendants were obligated to provide evidence from Benedetto's personnel file in support of their motion for summary judgment, or why Jedlicka's affidavit failed to establish the absence of a genuine issue of material fact, we deem this claim abandoned and decline to review it.

The plaintiffs' statutory forgery claim is similarly inadequately briefed. Their entire argument consists of quoting one sentence from one of the decisions relied upon by the trial court and attempting—unpersuasively—to distinguish the present case on the basis of that single sentence.[6] The plaintiffs do not, however, make any attempt to analyze any of the other case law relied upon by the trial court, nor do they attempt to provide any independent analysis why Benedetto's participation in the alleged forgery scheme should not preclude her from prevailing on her statutory forgery claim. Accordingly, we conclude that this claim is also inadequately briefed and decline to review it.

The judgment is affirmed.

[1] Because Ann Marie Benedetto is the principal plaintiff in this action, we refer to her individually by her last name and Joseph Benedetto by his full name.

[2] The defendants in this action also included David McCann, Paul Schwack, and Michael Jedlicka; the trial court previously rendered judgment in their favor and no appeal was taken from that decision. The defendant Commission on Human Rights and Opportunities did not appear before the trial court. We refer in this opinion to Dietze and Sorensen as the defendants.

[3] Practice Book § 10-6 provides: "The order of pleading shall be as follows:

"(1) The plaintiff's complaint.

"(2) The defendant's motion to dismiss the complaint.

"(3) The defendant's request to revise the complaint.

"(4) The defendant's motion to strike the complaint.

"(5) The defendant's answer (including any special defenses) to the complaint.

"(6) The plaintiff's request to revise the defendant's answer.

"(7) The plaintiff's motion to strike the defendant's answer.

"(8) The plaintiff's reply to any special defenses."

[4] Practice Book § 10-7 provides: "In all cases, when the judicial authority does not otherwise order, the filing of any pleading provided for by the preceding section will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section."

[5] In particular, the defendants cited in their motion to *Royce* v. *Westport*, 183 Conn. 177, 179, 439 A.2d 298 (1981), in which our Supreme Court stated: "When a [motion to strike] is [granted] and the pleading to which it was directed is amended, that amendment acts to remove the original pleading and the [motion to strike] thereto from the case. The filing of the amended pleading is a withdrawal of the original pleading." The defendants also cited *P & L Properties*, *Inc.* v. *Schnip Development Corp.*, 35 Conn. App. 46, 50, 643 A.2d 1302, cert. denied, 231 Conn. 913, 648 A.2d 155 (1994), in which this court stated: "When the allegations of an amended complaint appear to be the same in substance as those of an earlier complaint that was stricken, the defendant may challenge the amended complaint by filing a request to revise . . . or a second motion to strike." (Citation omitted.)

[6] Specifically, the plaintiffs claim that the following language from *Riley* v. *Pierson*, 51 Conn. Supp. 513, 530, 13 A.3d 732 (2009), aff'd, 126 Conn. App. 486, 12 A.3d 581 (2011), supports their argument on appeal: "Nor has the plaintiff submitted an affidavit or any other documentary support for a claim of duress." Id. Unlike the plaintiff in *Riley*, the plaintiffs argue, Benedetto has submitted an affidavit establishing that she acted under duress. The plaintiffs fail, however, to direct us to any portion of the affidavit supporting that assertion, and we are unable to discern any testimony contained therein creating a genuine issue of material fact that her participation in the alleged forgery was motivated by threats from her employer.