******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

KEVIN L. HOFFKINS *v.* DIANNE HART-D'AMATO
(AC 39910)

Alvord, Moll and Eveleigh, Js.

*Syllabus*

The plaintiff brought this action against the defendant to collect unpaid legal fees in connection with his representation of the defendant in her previous marital dissolution proceeding. During trial, the defendant sought to introduce as evidence a transcript from a hearing on a motion to strike that contained statements made by the plaintiff that were allegedly relevant to the defendant's theory of defense. The trial court did not admit the transcript as a full exhibit and required the defendant to redact those portions of the transcript comprising legal argument. Thereafter, the trial court denied the defendant's motion to disqualify the trial judge, in which she alleged, inter alia, that the trial judge was hiding facts from the jury by excluding the transcript and by excessively sequestering the jury during the presentation of evidence. Subsequently, the jury found in favor of the plaintiff on the complaint and a counterclaim filed by the defendant. From the judgment rendered thereon, the defendant appealed to this court. *Held*:

1. The trial court did not abuse its discretion when it denied the defendant's motion for disqualification of the trial judge, the defendant having failed to meet her burden of showing the reasonable appearance of impropriety: the portions of the record cited by the defendant suggested that her claim was based simply on the fact that the court ruled against her, which did not demonstrate personal bias, and the trial court was well within its discretion to deny the motion for disqualification for the reasons stated in its written order, including that excusing the jury during argument over evidentiary objections was reasonable, as argument and comments by the hearing judge were not admissible evidence; moreover, this court was unable to ascertain any instances of impropriety or bias from the record as a whole, which showed that the trial court consistently labored to assist the defendant throughout the trial process.

2. The trial court did not abuse its discretion in refusing to admit the unredacted transcript as a full exhibit; that court properly restricted the evidence to its proper scope, as the transcript at issue did not contain sworn testimony but, rather, contained legal argument between the parties and statements of law made by the presiding judge, and, thus, the court was well within its discretion to require the redaction of the transcript to preclude those excerpts that reflected legal argument.

Argued September 13, 2018—officially released January 15, 2019

*Procedural History*

Action to collect unpaid legal fees, and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the defendant filed a counterclaim; thereafter, the court, *Radcliffe, J.*, granted the plaintiff's motion for summary judgment as to the defendant's counterclaim; subsequently, the defendant filed an amended counterclaim; thereafter, the matter was tried to the jury before *Krumeich, J.*; subsequently, the court, *Krumeich, J.*, denied the defendant's motion for disqualification; verdict and judgment for the plaintiff on the complaint and counterclaim, from which the defendant appealed to this court. *Affirmed.*

*Dianne Hart*, self-represented, the appellant (defendant).

*Anthony B. Corleto*, with whom, on the brief, was *James E. C. Siewert*, for the appellee (plaintiff).

*Opinion*

EVELEIGH, J. In this action for the collection of unpaid legal fees, the named defendant, Dianne Hart-D'Amato, appeals from the judgment of the trial court, rendered after a jury trial, in favor of the plaintiff, Kevin L. Hoffkins. On appeal, the defendant claims that the trial court abused its discretion when it (1) denied her motion for disqualification of the trial judge, and (2) precluded relevant evidence offered by the defendant.[1] We disagree and, accordingly, affirm the judgment of the trial court.

The jury reasonably could have found the following facts. The defendant was a party to a marital dissolution action filed in 2011. During the summer of 2012, the defendant retained the plaintiff to represent her. The plaintiff served as the defendant's counsel for more than one year; the defendant, however, failed to make any payments to the plaintiff beyond the initial retainer. Over the course of the representation, the attorney-client relationship broke down, and the plaintiff filed a motion to withdraw his appearance, which the court granted on September 14, 2013.

On October 30, 2013, the plaintiff commenced the underlying action against the defendant. In the operative one count complaint, filed on December 4, 2013, the plaintiff alleged that the defendant failed to pay approximately $60,000 in legal fees stemming from his representation of the defendant in the dissolution proceeding. In the defendant's amended answer, she asserted a number of special defenses, along with a six count counterclaim alleging, inter alia, professional negligence and negligent infliction of emotional distress.

During an eleven day jury trial, the defendant sought to introduce as evidence a transcript from an August 25, 2014 hearing on a motion to strike that contained statements made by the plaintiff that were relevant to her theory of defense. For the reasons discussed in part I of this opinion, the trial court did not admit the transcript as a full trial exhibit. Throughout trial, the defendant continued to argue that the entire transcript should be admitted as a full exhibit because it contained relevant facts. When the court refused to admit the transcript as a full trial exhibit, the defendant filed a written motion to disqualify the trial judge, alleging, inter alia, that he was hiding facts from the jury by excluding the August 25, 2014 transcript and by excessively sequestering the jury during the presentation of evidence. The court issued a written order denying the motion, stating in part that legal argument between parties is not evidence and, therefore, excusing the jury during evidentiary colloquies regarding admissibility was reasonable. The jury found for the plaintiff with respect to his breach of contract claim and the defen-

dant's counterclaims. The court accepted the verdict and rendered judgment in accordance therewith. This appeal followed. Additional facts will be provided as necessary.

I

The defendant's first claim on appeal is that the trial court erred when it denied her motion for disqualification of a judicial authority.[2] Specifically, the defendant argues that the court demonstrated openly biased behavior when it excessively sequestered the jury, made adverse evidentiary rulings against her, and coached the plaintiff with respect to his testimony.[3] We disagree.

We first set forth the relevant standard of review. "Pursuant to our rules of practice; see Practice Book § 1-22; a judge should disqualify himself from acting in a matter if it is required by rule 2.11 of the Code of Judicial Conduct, which provides in relevant part that [a] judge shall disqualify himself . . . in any proceeding in which the judge's impartiality might reasonably be questioned . . . . In applying this rule, [t]he reasonableness standard is an objective one. Thus, the question is not only whether the particular judge is, in fact, impartial but whether a reasonable person would question the judge's impartiality on the basis of all the circumstances. . . . Moreover, it is well established that [e]ven in the absence of actual bias, a judge must disqualify himself in any proceeding in which his impartiality might reasonably be questioned, because the appearance and the existence of impartiality are both essential elements of a fair exercise of judicial authority. . . . Nevertheless, because the law presumes that duly elected or appointed judges, consistent with their oaths of office, will perform their duties impartially . . . and that they are able to put aside personal impressions regarding a party . . . the burden rests with the party urging disqualification to show that it is warranted." (Internal quotation marks omitted.) *Doe* v. *West Hartford*, 168 Conn. App. 354, 382–83, 147 A.3d 1083 (2016), aff'd, 328 Conn. 172, 177 A.3d 1128 (2018). "A trial court's ruling on a motion for disqualification is reviewed for abuse of discretion. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Internal quotation marks omitted.) *D'Amato* v. *Hart-D'Amato*, 169 Conn. App. 669, 686, 152 A.3d 546 (2016).

The following facts are relevant to our analysis. At trial, the defendant sought to introduce two transcripts claiming that they contained sworn testimony from the plaintiff: a prejudgment remedy hearing transcript from April 3, 2014, which did, in fact, contain sworn testimony from the plaintiff; and a transcript from an August 25, 2014 hearing on a motion to strike filed by the

defendant, which contained legal argument relating to the pleadings. The defendant argued that the contents of these transcripts would be sufficient to impeach the plaintiff. After excusing the jury, the court canvassed the defendant with respect to the exhibit and asked the defendant whether the August 25, 2014 transcript contained sworn testimony of the plaintiff. The defendant answered in the affirmative.[4] On that basis, the court, without objection from the plaintiff, admitted the August 25, 2014 transcript as a full trial exhibit. Some moments later, while the court was still reviewing the exhibit, the court attempted to clarify whether the August 25, 2014 transcript, in fact, contained sworn testimony.[5] The court examined the exhibit and observed that the transcript did not contain party statements exclusively, but also, legal argument with respect to the pleadings. The court, sua sponte, revised its initial ruling and admitted the August 25, 2014 transcript for identification purposes only. The court stated that if the defendant wanted to offer certain statements made by the plaintiff, she could do so, but explained that the entire transcript would not be admitted as a full trial exhibit because it contained legal argument. On October 20, 2016, after numerous colloquies relating to the August 25, 2014 transcript, the court allowed a redacted version to be entered into evidence as an admission of a party opponent. Despite this ruling, the defendant continued to claim that the court was hiding facts from the jury, which she argued constituted overt judicial bias.

In her motion for disqualification, the defendant's primary claim was that the trial judge excessively sequestered the jury during the evidentiary colloquies regarding the August 25, 2014 transcript and, therefore, prevented the jury from hearing all material facts relating to her claim that the plaintiff perjured himself.[6] The court denied the motion in a written order, stating in relevant part: "Excusing the jury when the parties are arguing evidentiary objections was reasonable. Argument is not evidence. The transcript of the [motion to strike] hearing offered by [the] defendant included extensive comments by [the hearing judge] during argument . . . that was inadmissible at trial."

Here, the portions of the record cited by the defendant suggest that her claim is based simply on the fact that the court ruled against her with respect to the August 25, 2014 transcript. "[T]he fact that a trial court rules adversely to a litigant . . . does not demonstrate personal bias." (Internal quotation marks omitted.) *Burns* v. *Quinnipiac University*, 120 Conn. App. 311, 317, 991 A.2d 666, cert. denied, 297 Conn. 906, 995 A.2d 634 (2010).

After a careful review of the record, including the court's order and the portions of the record to which the defendant has directed our attention, we conclude

that the defendant has failed to meet her burden of showing the reasonable appearance of impropriety. Moreover, we are unable to ascertain any instances of impropriety or bias from the record as a whole. Rather, our review of the record indicates that the trial court consistently labored to assist the defendant throughout the trial process. The court was well within its discretion to deny the motion for disqualification for the reasons stated in its written order. Accordingly, we conclude that the trial court did not abuse its discretion when it denied the defendant's motion.

II

The defendant next argues that the court erred by precluding relevant evidence. Specifically, the defendant claims that the court erred by refusing to admit the unredacted August 25, 2014 transcript as a full trial exhibit. The defendant further argues that the court's decision to vacate its initial ruling, admitting the unredacted transcript to be admitted as a full exhibit, was an abuse of discretion because this subsequent ruling prevented the jury from considering relevant facts, resulting in a violation of her right to due process.[7] We disagree.

We first set forth the relevant standard of review. "To the extent [that] a trial court's admission of evidence is based on an interpretation of [our law of evidence], our standard of review is plenary. . . . We review the trial court's decision to admit [or exclude] evidence, if premised on a correct view of the law, however, for an abuse of discretion. . . . The trial court has wide discretion to determine the relevancy of evidence and the scope of cross-examination. . . . Thus, [w]e will make every reasonable presumption in favor of upholding the trial court's ruling[s] [on these bases] . . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court . . . reasonably [could have] conclude[d] as it did." (Internal quotation marks omitted.) *Weaver* v. *McKnight*, 313 Conn. 393, 426, 97 A.3d 920 (2014).

We acknowledge that the defendant claims that the trial court violated her right to due process by vacating its initial ruling, allowing the unredacted transcript as a full exhibit, but "the defendant . . . cannot clothe an ordinary evidentiary issue in constitutional garb to obtain [a more favorable standard of] review." (Internal quotation marks omitted.) *State* v. *Warren*, 83 Conn. App. 446, 452, 850 A.2d 1086, cert. denied, 271 Conn. 907, 859 A.2d 567 (2004). "[R]obing garden variety claims [of an evidentiary nature] in the majestic garb of constitutional claims does not make such claims constitutional in nature. . . . Putting a constitutional tag on a nonconstitutional claim will no more change its essential character than calling a bull a cow will change its gender." (Internal quotation marks omitted.) *State* v. *Rosario*, 99 Conn. App. 92, 99 n.6, 912 A.2d 1064, cert.

denied, 281 Conn. 925, 918 A.2d 276 (2007). Accordingly, we conclude that the defendant's evidentiary claim does not implicate due process concerns and is, instead, strictly evidentiary in nature; therefore, we review the defendant's claim under an abuse of discretion standard.

The issue of whether the court abused its discretion by admitting a redacted version of the August 25, 2014 transcript hinges on whether the court correctly restricted the evidence to its proper scope. With that in mind, the following legal principles are relevant to the disposition of the defendant's claim. When "[a]n exhibit [is] offered and received as a full exhibit [it] is in the case for all purposes . . . and is usable as proof to the extent of the rational persuasive power it may have." (Citation omitted; internal quotation marks omitted.) *Gagliano* v. *Advanced Specialty Care, P.C.*, 329 Conn. 745, 759, 189 A.3d 587 (2018). Furthermore, § 1-4 of the Connecticut Code of Evidence provides in relevant part: "The court may, and upon request shall, restrict . . . evidence to its proper scope."

Here, the August 25, 2014 transcript did not contain sworn testimony as the court initially was led to believe by the defendant; rather, as discussed in part I of this opinion, it contained legal argument between the parties and statements of law made by the presiding judge at the motion to strike hearing. The court was well within its discretion to require the redaction of the August 25, 2014 transcript, precluding those excerpts reflecting legal argument. We conclude, therefore, that the court did not abuse its discretion in refusing to admit the unredacted August 25, 2014 transcript as a full exhibit.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The defendant also claims that the court improperly allowed evidence that was beyond the relevant time frame established by the court. With respect to this claim, we note that the defendant has not articulated any discernable time frame to assist our analysis or directed our attention to any portion of the record where the court firmly established a time frame. Although the defendant is a self-represented litigant, "the [General] [S]tatutes and rules of practice cannot be ignored completely. . . . We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of [relevant] authorities, it is deemed to be abandoned." (Citations omitted; internal quotation marks omitted.) *Lareau* v. *Burrows*, 90 Conn. App. 779, 780, 881 A.2d 411 (2005). Accordingly, we deem this claim abandoned and decline to review it.

[2] The defendant also claims that the trial court erred by failing to conduct an evidentiary hearing prior to ruling on the motion for disqualification. Because the defendant failed to provide any analysis as to why a hearing was required in connection with her motion for disqualification, we limit our analysis to her claim that the court erred when it denied the motion. See *Lareau* v. *Burrows*, 90 Conn. App. 779, 780, 881 A.2d 411 (2005).

[3] The defendant also argues that, subsequent to her filing the motion for disqualification, the court ignored certain pretrial court orders and refused to clarify its rulings in retaliation against her for filing the motion. Because

our review of the defendant's claim is restricted to whether the court abused its discretion when it denied her motion for disqualification, we limit our analysis to the conduct that was alleged in the motion. See *Lareau* v. *Burrows*, 90 Conn. App. 779, 780, 881 A.2d 411 (2005).

[4] The following exchange occurred on the record:

"[The Defendant]: Along with a transcript from August 25, 2014 . . . . The two go together. . . . [T]hat's the impeachment.

"The Court: Okay. And [the transcript from August 25, 2014], that was also testimony by [the plaintiff]?

"[The Defendant]: Yes."

[5] The following exchange occurred on the record:

"The Court: Wait a minute, ma'am. Ma'am, I just—just timeout.

"[The Defendant]: Why?

"The Court: This is not a transcript of testimony—

"[The Defendant]: Yes, it is.

"The Court: It sounds to me like it's an argument—

"[The defendant]: No, it is not.

"The Court: —on a motion . . . to strike—

"[The Defendant]: No, it is not. . . .

"[The Plaintiff]: It was oral argument.

"[The Defendant]: No, it is not. 'Cause—'cause the—the last line—

"The Court: Timeout. . . . Timeout. This is oral argument. It's not a transcript. It's just— . . . It's just the judge discussing a motion to strike . . . ."

[6] The defendant also claims that the court provided "legal advice" and "coached" the plaintiff with respect to his testimony. In support of this claim she refers to the following exchange:

"The Court: I will—I will allow you to ask a question based on lines twenty-five through twenty-seven, and line one on page three. Is that the information you wanted to get out of this transcript?

"[The Defendant]: Yes. . . .

"The Court: So the question I will allow is . . . [a]t . . . an argument before the court on August 25, 2014, did you say—you were asked—did you say—and then you can read lines twenty-five, twenty-six, twenty-seven and the first line on page three. . . . And then he can say yes or no. . . .

"[The Plaintiff]: Excuse [me], Your Honor, may I ask, this document is not being admitted still, is that right?

"The Court: That document is not in evidence. And if you have no recollection of saying that than that—you answer however you will. I don't dictate how people answer. However that is—that's what she's going to ask you about. All right."

The defendant's claim, however, mischaracterizes the exchange between the court and the plaintiff and fails to take into account that the court was attempting to assist her by providing her with a permissible form of the question to conduct her direct examination of the plaintiff. Accordingly, this claim is without merit.

[7] Neither during the trial nor on appeal has the defendant identified the relevant facts that she claims were excluded in the redacted version of the August 25, 2014 transcript.